UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PACHECO, *et al.*,

    Plaintiffs,

v.

FORD MOTOR CO.,

    Defendant.
_____/

Case No. 22-11927

Hon. George Caram Steeh

ORDER REGARDING PLAINTIFF'S MOTION
<u>FOR RELIEF FROM JUDGMENT (ECF NO. 26)</u>

    This action involves an alleged manufacturing defect in certain Ford vehicles that causes their engines to catch fire. On March 22, 2023, the court granted Defendant's motion to dismiss Plaintiffs' complaint on prudential mootness grounds. The court based its decision on a National Highway Traffic Safety Administration recall and fix promised by Ford to remedy the fire risk. *Pacheco v. Ford Motor Co.*, No. 22-11927, 2023 WL 2603937 (E.D. Mich. Mar. 22, 2023). Plaintiffs filed a notice of appeal on March 23, 2023.

    Plaintiffs have filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (3), based upon newly discovered facts and Defendant's failure to disclose them. In particular,

-1-

Plaintiffs allege that Ford knew the recall repairs did not remedy the fire risk, and that Ford issued a second recall in May 2023. Ford received three reports of engine fires in vehicles that received the recall remedy between August and December 2022. Ford began investigating these reports in January 2023, and confirmed that a fire in one of them occurred after the recall repair had been correctly performed. Between February 2023 and May 2023, Ford received two more reports of fires in vehicles that had received the fix during assembly. On May 26, 2023, Ford notified NHTSA of the fires and issued a second recall. At this time, Ford has not announced the intended repair for the fire risk, which it expected to be available in the fall of 2023.

In order to prevail on a Rule 60(b)(2) motion, a "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (citation omitted).

The court determined that the doctrine of prudential mootness applied to Plaintiffs' claims because Ford had promised to fix their vehicles and there was no factual allegation that the fire risk would remain after the

recall remedy was performed. With regard to Plaintiffs' claim for damages, the court found that "the recall, which remedies the Spontaneous Fire Risk defect, moots Plaintiffs' overpayment claim because it 'remove[s] the defect upon which the plaintiffs' diminished-value injury claim is based.'" *Pacheco*, 2023 WL 2603937, at *5.

The new information presented by Plaintiffs provides a factual basis – which was previously missing – to dispute that the defect was remedied by the recall. Although Plaintiffs alleged in their complaint the Ford's fix was ineffective, they did not provide a sufficient factual basis to plausibly allege that "a cognizable damages claim exists after the recall." *Id.* Reports of post-repair fires, which were not publicly available at the time, are material to the court's determination that Plaintiffs would receive a "complete remedy" through the recall. Had this information been available to Plaintiffs and presented to the court, it would have produced a different result, particularly in light of the procedural posture of the case (a motion pursuant to 12(b)(6)) and the discretionary nature of the prudential mootness doctrine.

Because Plaintiffs' appeal has divested this court of jurisdiction, it lacks the power to grant their Rule 60(b) motion. Should the Sixth Circuit agree that remand is appropriate, however, the court will grant the motion

at that time and permit Plaintiffs to amend their complaint. *See Post v. Bradshaw*, 422 F.3d 419, 421-22 (6th Cir. 2005) (citing *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976)) (proper procedure is for district court to provisionally grant Rule 60(b) motion and for prevailing party to seek remand from the court of appeals).

    SO ORDERED.

Dated: January 16, 2024

                                                  s/George Caram Steeh
                                                  HON. GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE